## R. K. YOUNG *v.* W. P. INGRAM ET AL.

**Judicial Sales—Exhibit of Title—Warranty.**

A petition for the sale of land under Ch. 86, R. S., relating to the sale of real estate of an infant married woman, must make an exhibit of the title, a clause in the commissioner's deed of the land warranting the title being unauthorized and ineffectual.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

January 25, 1874.

OPINION BY JUDGE PRYOR:

The clause warranting the title to the land purchased at the decretal sale was not only unauthorized by the judgment rendered, but not sanctioned by any rule of law or equity regulating such proceedings. The petition was filed under Chap. 86, Rev. Stat., regulating the sales of real estate of infants and married women. The title is required to be exhibited in the petition in order that the purchaser may know what he is buying; and the court rendering the judgment is restricted by the act from making any other warranty than as against those whose interest passes by the sale. The title was recorded and the purchaser should have examined for himself. There might be such a defect in the title as to authorize the chancellor to interfere in such case, and particularly where the sale has not been fully consummated by the payment of the purchase money and the execution of the deed. In this case the deed has been made and the money paid, and the attempt to recover damages upon

a warranty made by the commissioner is but a mere nullity. The petion under which the land was sold does not even allege that the petitioners were the owners in fee simple of the property sold. The allegation is that the father and ancestor died seized of the land, with the title exhibited and filed.

The chancellor only sold their interest, and had no power to make them liable on the warranty, if he had undertaken to do so by his judgment. Judgment affirmed.

*Winfrey, Sandige, for appellant.*

*Allen, for appellees.*